LOUISVILLE, NEW ORLEANS & TEXAS RY. CO. *v.* J. J. DAY.

1. ESTOPPEL.  *Land.  Licensee.  Parol gift.*
    Where a father, the owner of a large tract of land, licenses his son to enter
    upon a part of it under a parol agreement that the son is to occupy and
    pay taxes on such part, and on the happening of a certain contingency in
    future, is to receive a deed; and subsequently a railroad is built across
    the tract, all of which is assessed to the father, and after condemnation
    proceedings and considerable litigation as to the right of way between the
    company and the father, the company pays him and receives a deed for
    the right of way, all of which is known to the son, who is silent, he
    cannot afterwards assert title as against the company and recover for
    trees cut along the right of way, although he had been in possession in
    the manner stated more than ten years.

2. SAME.  *Unrecorded deed.  Notice.*
    If, in such case, prior to the purchase by the railroad, the son has received
    a deed for the land, which is not recorded, he could not claim thereunder
    as against the company; and, even with a prior recorded deed, it would
    be questionable whether his right would prevail against the company
    under the circumstances.

3. SUPREME COURT.  *Practice.  Remititur refused.  New trial.*
    Where an appellee has improperly recovered judgment, and his right to
    any recovery is doubted, the supreme court will not allow a remittitur of
    part of the judgment and affirm as to part, but will reverse and remand
    for a new trial.

FROM the circuit court of Wilkinson county.

HON. RALPH NORTH, Judge.

This was an action by the appellee, J. J. Day, against the appellant to recover damages for cutting certain trees on land claimed by the plaintiff. The declaration contained two counts, in one of which plaintiff claimed $500 for the alleged value of the trees, and in the other $2250, the statutory penalty. The trees were cut along and near the line of defendant's railway, under the circumstances stated in the opinion of the court. Issue being joined, there was a trial, and at the conclusion of the evidence, the court, on motion, excluded all the evidence of the defendant, and instructed the jury to return a verdict in favor of the plaintiff for $2250, the amount of the statutory penalty for the trees shown to have been

cut. This was done and judgment was entered accordingly. After motion for new trial was overruled, defendant appealed.

*W. P. & J. B. Harris,* for appellant.

1. No written evidence of title was produced by plaintiff. His possession was merely permissive, and, before this permissive occupancy ripened into a title, the father, in 1882, with the knowledge of the son, revoked the license by conveying the right of way to the railroad.

2. Then the father brought suit in 1885 for trespass on the land, and afterwards the condemnation proceedings were had. He got his money and made a deed to the company, and the son knew of this, but asserted no claim until afterwards. We ask attention to the conduct of father and son in the scheme to pluck the railroad, first one, then the other. It would not appear so harsh if the plaintiff had been compensated to the amount of the actual value of the trees, shown not to exceed $500. That this hugger-mugger double dealing should be rewarded by a penalty verdict of $2250, looks like plunder.

3. In penal prosecutions the court ought not to instruct the jury to find the defendant guilty. In cases of this character the plaintiff is not entitled to recover the statutory penalty unless there is an open and unjustifiable trespass. *Kiern* v. *Warfield,* 60 Miss. 799.

4. Under the evidence, the pretended deed from the father to the son, said to have been executed in 1886, appears in the light of a fraud.

*D. C. Bramlett,* for appellee.

1. Appellee went into possession of the land in 1873, under parol gift from his father, and has continued in possession ever since, claiming the land as his own, paying taxes and exercising all acts of ownership. This vested title in him. *Davis* v. *Bowmar,* 55 Miss. 671.

2. The evidence fully sustains the verdict for the statutory penalty. It was not necessary to show the value of the trees. *R. R. Co.* v. *Whitehead,* 41 Miss. 225; Code 1880, § 961.

3. The deed of David Day executed in 1882, purporting to con-

vey the right of way over this land was of no avail, for it was then owned by plaintiff, who was in possession of it. This is true also of the deed of January 21, 1887. The trespass suit brought by David Day did not affect plaintiff. He was not a party to it, and besides, he supposed it referred to other lands of his father. Evidence of that suit was irrelevant; and so of the tax receipts and assessments. None of the testimony offered by defendant constituted any defense, and it was properly excluded.

4. But, if the court should be of opinion that the verdict is excessive, appellee will enter a remittitur as to the excess.

Campbell, J., delivered the opinion of the court.

The evidence of the defendant should not have been excluded. It should have been left to the jury to say whether upon all the evidence the plaintiff was entitled to recover anything, and we have no hesitation to say that a verdict for the defendant would have been sustained. In 1873, the father of the plaintiff, having a large quantity of land, it appears, authorized him to settle upon the western part of section 20, the land with respect to which this suit arose, telling him to occupy and pay taxes; that he would not convey it to him then, but at an indefinite future date, and on a certain contingency (which might or might not occur), he would convey it to him. The son proceeded under this mere license to occupy the land, and continued on it, and annually paid the taxes on it, but it was all the time assessed to the father, and paid on as part of his, one receipt for all being given in the name of the father. In 1882 the father united with other land owners in that part of the county in granting the right of way over all their lands for the construction of a railroad. This grant was general over all lands owned by the grantors in Wilkinson county, and was to be void, if the road should not be built in eighteen months. The road was not completed in time, but a survey was made and a location, and grading and constructing went on, and the road was completed in the summer of 1884. It was built on the western part of section 20, which all this time was occupied by the plaintiff, and no objection was ever heard from him, nor any claim that he should be consulted

or compensated or in any way treated as owner. This particular land is part of a much larger tract of the father. The legal title was in him. All was assessed to him and paid on in his name as one property. In 1885, he (the father) sued the railroad company for trespass on his land, including section 20, and recovered for damage to part of the land other than this section in October, 1886. About this time there was a proceeding for condemnation of the right of way over the lands of the elder Day, and a compromise was agreed on between him and the railway company by which he was to be paid $800, and it was paid him, and on 21st day of January, 1887, he made a conveyance to the company of the right of way across certain of his lands and among them over and across section 20, and of the right "to fell any timber beyond the right of way . . . which is sufficiently near the track of said road to fall on and obstruct the same." In virtue of this purchased right, the company caused the over-hanging trees to be cut down.

During the litigation between his father and the company, ended as aforesaid, the plaintiff in this action, who was cognizant of it, asserted no claim of any sort against the company, but in the early part of 1889, when it appeared that his father had got through with the company and got out of it all *he* could, instituted this action, and now claims the land by "a verbal deed," as he calls it, in 1873, and his continued occupancy since, and a conveyance by his father, he says, in 1886, of this land. This conveyance was not produced, and he testifies doubtfully about it. It is not claimed to have been recorded. It is not denied that during all the years of building the road, and litigating with his father, he was silent as became him in his position of a mere licensee of the land in whose favor no statute of limitations ran; and it would be simply insufferable to permit him, under the circumstances shown by this record, to be treated as owner of the land, and entitled to recover the damages he seeks. He was certainly not owner until it was conveyed to him in 1886, and if it was then conveyed to him, and the deed pocketed, he could not be treated as owner as against the defendant, and if his conveyance was recorded when the company pur-

chased of his father, January 21, 1887, a grave question would arise as to its efficacy under the history of the case.

. Counsel for the appellee asks to be permitted to remit so much of the judgment as will satisfy us, and cause judgment here for what we regard as the proper sum; but in our view a new trial should be had, for if the record shows the facts of the case, we think no recovery should be had, and if the truth of the case entitles the appellee to a recovery of all or any part of his demand, we have no desire to hinder him. We deal with the case as presented by the record only, and know nothing and care nothing about it, except that the law shall be properly applied to the facts of the case.

*Reversed and remanded.*